IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED U.S. DISTRICT COURT AUGUSTA DIV. 2016 JUL 12 PM 3:52 CLERK _____ SO. DIST. OF GA.

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| vs. | * CR 106-084 |
| AUDIE RAYNARD ALSTON | * |

# O R D E R

In 2006, Defendant Audie Raynard Alston was convicted of conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. §§ 846 and 851. Defendant was sentenced to 292 months of imprisonment on this count. Defendant's conviction and sentence were affirmed on appeal. Defendant has never filed a motion for habeas corpus relief.

On June 3, 2016, Defendant filed a motion for appointment of counsel to help him determine whether he is eligible for post-conviction relief pursuant to the new rule of constitutional law announced in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, in Johnson, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Id. at 2563. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson

retroactive in cases on collateral review.

In order to attack the legality of his sentence, Defendant must petition for habeas corpus relief under 28 U.S.C. § 2255 by filing a motion to vacate, set aside or correct his sentence. Here, Defendant's motion to appoint counsel does not reference § 2255 in any way. Nevertheless, this Court intends to recharacterize his motion as a first § 2255 motion. See Castro v. United States, 540 U.S. 375 (2003) (explaining that a district court must notify a litigant of its intent to recharacterize a *pro se* motion as a § 2255 habeas petition). This recharacterization means that any subsequent § 2255 motion will be subject to the statutory restriction on "second and successive" § 2255 motions. See 28 U.S.C. § 2255(b) & 2255(h) (prohibiting claims in second or successive § 2255 motions except under certain specified circumstances). Accordingly, Defendant must notify this Court in writing within thirty (30) days hereof if he contests the recharacterization of his motion, whether he wishes to withdraw the motion, or whether he wishes to amend the motion to assert any other § 2255 claims aside from his Johnson claim.[1] If Defendant fails to respond to this Order within 30

---

[1] The **CLERK** is **DIRECTED** to attach a copy of the standard form for § 2255 motions to Defendant's service copy of this Order in case he decides to amend his filing to include additional § 2255 claims. If Defendant chooses to amend his motion, he must set forth all his § 2255 claims on the

2

days, his motion to appoint counsel will be recharacterized as a § 2255 motion, the Clerk will docket it as a new civil action,[2] and his claims will be addressed under the standards applicable to § 2255 motions.

Further, while Defendant may have received a copy of this Court's Administrative Order dated June 2, 2016, informing him that several criminal cases were under review for possible Johnson claims, the Volunteer Lawyers identified therein have not taken Defendant's case, and the time to do so has passed.[3] Accordingly, Defendant must proceed *pro se* because at this point he has not demonstrated the exceptional circumstances that would warrant the appointment of counsel. See 28 U.S.C. § 2255(g)(incorporating by reference the standards of 18 U.S.C. § 3006A(a)(2)(B) for the appointment of counsel).

---

attached form, including his Johnson claim. In other words, if Defendant files an amended motion on the form provided, the Court will not consider the original motion; rather, the amended motion will supersede the original motion in its entirety. See Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007). Any new claims filed by Defendant are subject to the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), see 28 U.S.C. § 2255(f), and all other applicable standards governing § 2255 actions.

[2] The Clerk shall docket the new civil action as a motion under 28 U.S.C. § 2255 with a *nunc pro tunc* filing date of June 3, 2016.

[3] See generally In re: Retroactive Application of Johnson v. United States, MC 116-005 (S.D. Ga. June 2, 2016).

3

**ORDER ENTERED** at Augusta, Georgia, this 12th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE