```
                                                    FILED
                                              U.S. DISTRICT COURT
                                                 AUGUSTA DIV.
       IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF GEORGIA    20 AUG 27 PM 4:00
                 AUGUSTA DIVISION

                                              CLERK J. Hodge
                                                SO. DIST. OF GA.
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 106-084 |
| | * | |
| AUDIE RAYNARD ALSTON | * | |

O R D E R

On July 27, 2020, Defendant Audie Raynard Alston filed a motion to reduce his sentence pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194.[1] (Doc. No. 45.) Upon review of the parties' filings, the record of the case, and the relevant law, the Court finds Alston to be eligible for resentencing but nevertheless denies Alston's motion for the reasons that follow.

In August 2006, Alston pled guilty to a one count information for conspiracy to distribute 50 grams or more of cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  Prior to Alston's guilty plea, the Government filed a

---

[1] A district court lacks authority to modify a term of imprisonment with limited exceptions to include if a statute expressly permits. See 18 U.S.C. § 3582(c)(1)(B).  The First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.  United States v. Stephens, 2020 WL 5032992 (11th Cir. Aug. 26, 2020) (citing United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020)).

notice of intent to use prior convictions to enhance Alston's sentence under 21 U.S.C. § 851. (Doc. No. 3.) At that time, Alston's statutory penalty range for 50 grams or more of crack cocaine (with the § 851 enhancement) was twenty years to life under § 841(b)(1)(A)(iii).

At sentencing, Alston was attributed with the following drug quantities: 74.5 grams of crack cocaine; 3,246.9 grams of powder cocaine; and 277 marijuana. Under the guidelines at the time (2006 Sentencing Guidelines Manual), this converted to an equivalent of 2,139.657 kilograms of marijuana, resulting an offense level of 34 after adjustments. However, because Alston was considered a career offender under U.S.S.G. § 4B1.1, his applicable offense level was 35 (offense level of 37 minus 2 points for acceptance of responsibility). With a criminal history category of VI, Alston's advisory guideline range was 292 to 365 months.

On June 14, 2007, Alston was sentenced to serve 292 months in prison. In April 2015, Alston moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based upon retroactive amendments to the drug quantity tables in the Sentencing Guidelines. Because Alston's career offender status, not drug quantity, drove his guideline range, the Court denied this motion to reduce. (Doc. No. 32.) Alston is currently incarcerated at FCI Williamsburg in Salters, South Carolina with a projected release date of April 2, 2025.

At present, Alston claims that the Fair Sentencing Act of 2010, which was made retroactive to his offense through the First Step Act of 2018, entitles him to be resentenced.

Alston's Eligibility Under the First Step Act

In 2010, the Fair Sentencing Act, Pub. L. No. 11-220, 124 Stat. 2372, reduced the disparity between sentencing ranges for offenses involving powder cocaine and crack cocaine under 21 U.S.C. § 841(b)(1). Specifically, Section 2 of the Fair Sentencing Act increased the minimum quantity of crack cocaine required for a five-year mandatory minimum sentence from 5 grams to 28 grams and increased the minimum quantity for a ten-year mandatory minimum sentence from 50 grams to 280 grams. See 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii).[2] However, the Fair Sentencing Act did not apply retroactively.

In 2018, Congress passed the First Step Act, which applied the Fair Sentencing Act retroactively. Section 404(b) thereof provides: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect . . . at the time the covered offense was committed." The term "covered offense" is defined in Section 404(a) as "a

---

[2] Section 3 of the Fair Sentencing Act modified the statutory penalties for simple possession of crack cocaine under 21 U.S.C. § 844(a), which is not implicated in this case.

3

violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." Recently, the Eleventh Circuit Court of Appeals clarified that "covered offense" is one that appears from the court records to have "triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii)." United States v. Jones, 962 F.3d 1290, 1301 (11th Cir. 2020). Here, there is no dispute that Alston committed a covered offense. He was convicted of conspiracy to distribute 50 grams or more of crack cocaine, for which he faced a statutory range of punishment of twenty years to life under §§ 841(b)(1)(A)(iii) and 851. The Fair Sentencing Act modified his statutory range; after its passage, § 841(b)(1)(A)(iii) required at least 280 grams of crack cocaine to trigger that statutory range. Thus, Alston's conviction is a "covered offense" under the First Step Act. More particularly, if Alston was sentenced "as if" the Fair Sentencing Act had been in effect at the time, his charge of conspiracy to distribute 50 grams or more of crack cocaine would implicate the statutory range of § 841(b)(1)(B)(iii), i.e., ten years to life with the § 851 enhancement.[3] Because Alston's sentence of 292

---

[3] In brief, defense counsel states that Alston's statutory range would now be five to forty years under § 841(b)(1)(B)(iii). (Doc. No. 45, at 11.) This ignores the § 851 enhancement to which Alston is still subject.

4

months is above the statutory minimum of 120 months, he is eligible for a sentence reduction.

In brief, defense counsel and the Government disagree on whether Alston's guideline calculations are similarly affected. Defense counsel's proposed amended guideline range, however, ignores the fact that Alston remains a career offender. His guideline range is not based upon drug quantity but upon the career offender guideline. Thus, his adjusted offense level remains 35 (offense level of 37 as a career offender minus 2 points for acceptance of responsibility); with a criminal history score of VI, his amended guideline range remains 292 to 365 months (2018 Sentencing Guidelines Manual).

Alston's Entitlement to a Sentence Reduction

The fact that Alston's advisory guideline range has not changed does not preclude him from relief under the First Step Act. See Jones, 962 F.3d at 1305 (stating that "neither the First Step Act nor section 3582(c)(1)(B) barred the district court from reducing Johnson's sentence below the revised guideline range"); Stephens, 2020 WL 5032992 (remanding the case because the district court may have "incorrectly concluded that Stephens was not eligible for a further reduction because his guideline range remained the same"). However, Section 404(c) of the First Step Act states: "Nothing in [Section 404] shall be construed to require a court to reduce any sentence pursuant to this section." The

5

Eleventh Circuit has held that a district court has "wide latitude to determine whether and how to exercise its discretion, and that it may consider the 18 U.S.C. § 3553(a) factors and a previous drug-quantity finding made for the purposes of relevant conduct." United States v. Sterlin, 2020 WL 5032980 (11th Cir. Aug. 26, 2020) (citing Jones, 962 F.3d at 1301, 1304).

While perhaps not mandatory, see id., the Court will nevertheless consider the § 3553(a) factors in the exercise of its discretion. Accord United States v. Curry, 2020 WL 4659406, at *2 (11th Cir. Aug. 12, 2020) ("In exercising their discretion in this regard, district courts may consider 'all the relevant factors,' including the § 3553(a) sentencing factors." (citing and quoting Jones, 962 F.3d at 1304.)). Here, Alston participated in a large-scale drug conspiracy in which he employed the use of firearms. He has a history of absconding from police. (See generally Presentence Investigation Report, ¶¶ 4-34.) He has a significant criminal history to include aggravated battery, aggravated assault, aggravated assault of a law enforcement officer and resisting arrest. (Id. ¶¶ 52-56.) Given the nature and circumstances of the offense and the history and characteristics of this defendant in particular, the Court takes comfort in the fact that his sentence of 292 months remains at the low end of his guideline range even today. That is, his sentence appropriately

reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and affords adequate deterrence.

Conclusion

Upon the foregoing, Defendant Audie Raynard Alston's motion for sentence reduction (doc. no. 45) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of August, 2020.

_____
UNITED STATES DISTRICT JUDGE